TWENTY FIRST JUDICIAL CIRCUIT
CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| **THOMAS RICHARDSON,** | ) | |
| | ) | |
| **Plaintiff**, | ) | |
| | ) | Cause No.: |
| v. | ) | |
| | ) | Division: |
| **MICHAEL NEISHEIN,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Serve: 426 S Alhambra Road | ) | |
| Alhambra, IL 62001 | ) | |
| | ) | |
| **Defendant.** | ) | |

## PETITION

**COMES NOW**, Plaintiff Thomas Richardson ("Plaintiff"), by and through undersigned counsel, J. Matthew French of Morgan & Morgan, and for his cause of action against Defendant Michael Neishein ("Defendant"), states to the Court as follows:

## PARTIES

1. At all times relevant hereto, Plaintiff Thomas Richardson was and is a citizen and resident of the State of Missouri.

2. At all times relevant hereto, Defendant Michael Neishein was and is a citizen and resident of the State of Illinois.

## VENUE AND PERSONAL JURISDICTION

3. Venue is proper in the Circuit Court of St. Louis County pursuant to at least MO. REV. STAT. § 508.010 because Plaintiff was first injured in St. Louis County, Missouri.

4. Jurisdiction is proper over the Defendant in the State of Missouri pursuant to at least MO. REV. STAT. § 506.500 because Defendant committed tortious acts herein described within the State of Missouri.

## FACTUAL ALLEGATIONS

5. That on or about June 19, 2024, Plaintiff was a restrained passenger in a vehicle being operated in St. Louis County, Missouri.

6. That Plaintiff was stopped in a generally western direction on Page before the intersection with the Interstate 170 exit and entrance ramps.

7. That Page is a public thoroughfare which passes through, among other areas, St. Louis County, Missouri.

8. That Interstate 170 is a public thoroughfare which passes through, among other areas, St. Louis County, Missouri.

9. That on or about June 19, 2024, Defendant was operating a motor vehicle in St. Louis County, Missouri.

10. That Defendant was traveling in a generally western direction on Page before the intersection with the Interstate 170 exit and entrance ramps, behind Plaintiff.

11. That on or about June 19, 2024, at 3:15 p.m. Defendant failed to keep a proper lookout and collided with the rear of the vehicle in which Plaintiff was a restrained passenger.

12. That Plaintiff did not have a chance to avoid the collision due to its sudden and unforeseeable nature, and the aforementioned events occurred with no negligence on the part of Plaintiff as Plaintiff was a restrained passenger.

13. The injuries and damages alleged by Plaintiff were directly and proximately caused by the negligence committed by Defendant in at least the following respects, to wit:

   a. Defendant failed to exercise the highest degree of care when he failed to keep a careful lookout while operating his motor vehicle;

  b. Defendant failed to exercise the highest degree of care when he drove at an excessive speed;

  c. Defendant failed to exercise the highest degree of care when he followed the vehicle in which Plaintiff was a restrained passenger too closely;

  d. Defendant failed to exercise the highest degree of care when he failed to swerve with an appropriate distance and speed to avoid the collision with Plaintiff's vehicle;

  e. Defendant failed to exercise the highest degree of care by knowing that there was a reasonable likelihood of collision and thereafter could have stopped, but failed to do so;

  f. Defendant failed to exercise the highest degree of care by knowing that there was a reasonable likelihood of collision and thereafter could have slackened speed, but failed to do so;

  g. Defendant failed to exercise the highest degree of care by knowing that there was a reasonable likelihood of collision and thereafter could have sounded a warning, but failed to do so;

  h. Defendant failed to exercise the highest degree of when he allowed Defendant's vehicle to come into contact with the vehicle in which Plaintiff was a restrained passenger; and

  i. Defendant failed to exercise the highest degree of care when he acted or failed to act in such a way as the evidence and discovery will reveal.

14. That each and all of the aforesaid acts and violations of law by Defendant, both of commission and of omission, were negligent and constituted negligence.

15. That each and all of the aforesaid acts and violations of law by Defendant, both of commission and of omission, were a direct and proximate cause of the damages and injuries hereinafter described.

16. That as a direct and proximate result of the aforesaid acts by Defendant, both of omission and commission, Plaintiff suffered serious, painful, and permanent injuries.

17. That as a direct and proximate result of the aforesaid acts by omission and commission, Plaintiff became sick, sore, lame, and disordered.

18. That as a direct and proximate result of the aforesaid acts by Defendant, both of omission and commission, Plaintiff has suffered, and will hereafter suffer, physical pain and mental anguish.

19. That as a direct and proximate result of these injuries, Plaintiff has been obliged to seek medical treatment and incur expenses.

20. That Plaintiff's aforesaid injuries are permanent, serious, and progressive in their nature.

**WHEREFORE**, Plaintiff Thomas Richardson prays for a judgment against Defendant Michael Neishein, in a sum in excess of twenty-five thousand dollars ($25,000.00) together with costs herein expended, and for any further relief this Court deems just and proper.

**PLAINTIFF REQUESTS TRIAL BY JURY.**

| | |
|---|---|
| Dated: June 4, 2025 | Respectfully Submitted,<br><br>*/s/ J. Matthew French*<br>J. Matthew French #74173<br>**MORGAN & MORGAN**<br>200 N. Broadway, Suite 720<br>St. Louis, MO 63102<br>Tel: 314-955-1032<br>Fax: 314-955-1056<br>Email: mfrench@forthepeople.com<br>**ATTORNEY FOR PLAINTIFF** |